IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARKIE MITCHELL, | § | |
| (TDCJ-CID #01570584) | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-11-3720 |
| | § | |
| LYNETTE SHARP, *et al.,* | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ON DISMISSAL**

## I.    Background

Markie Mitchell, a Texas Department of Criminal Justice inmate, sued in October 2011, alleging civil rights violations resulting from a property dispute.  Mitchell, proceeding *pro se* and *in forma pauperis,* sues Lynetta Sharp, Laura Nichols, Carolyn Nichols, Nicole Mitchell, Marcus Mitchell, and Bobby Mitchell.

Mitchell states that he and the six named defendants have joint ownership of property. From the pleadings, it appears that Mitchell wishes to sell his interest in the property for the amount of $200,000.00.

## II.    Discussion

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted,

or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

A cause of action under 42 U.S.C. § 1983 requires a showing that Mitchell has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan,* 443 U.S. 137 (1979).

Generally, nothing in the language of the Due Process Clause requires the state to protect the life, liberty, and property of its citizens against invasion by private actors. *Piotrowski v. City of Houston,* 51 F.3d 512, 515 (5th Cir. 1995)(citing *DeShaney v. Winnebago Cnty. Dep't of Social Servs.,* 489 U.S. 189, 195 (1989)). The Due Process Clause confers protection to the general public against unwarranted governmental interference, but it does not confer an entitlement to governmental aid as may be necessary to realize the advantages of liberty guaranteed by the Clause. *Walton v. Alexander,* 44 F.3d 1297, 1302 (5th Cir. 1995)(en banc).

The actions of private actors such as the named defendants do not constitute state action under 42 U.S.C. § 1983. *See Briscoe v. LaHue,* 460 U.S. 325, 329 (1983). Mitchell has failed to demonstrate that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. Mitchell's claims against the named defendants are DISMISSED as frivolous.

## III.    Conclusion

Mitchell's motion to proceed *in forma pauperis*, (Docket Entry No. 2), is GRANTED.  The action filed by Markie Mitchell (TDCJ-CID Inmate #01570584) lacks an arguable basis in law.  His claims are DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1).

The TDCJ-CID must deduct twenty percent of each deposit made to Mitchell's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)    the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2)    the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3)    the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on _____, 2011.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE